**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Alexander Robert Somers,<br><br>　　　　　Defendant. | No. CR12-08216-PCT-DGC<br><br>**ORDER** |

　　　　Defendant Alexander Robert Somers has filed a motion pursuant to Federal Rule of Criminal Procedure 21(b) to transfer this case to the Yakima Division of the Eastern District of Washington. Doc. 19. The United States has filed a response and Defendant has filed a reply. Docs. 25, 29. Neither party has requested oral argument. The Court will deny the motion.

　　　　In *Platt v. Minnesota Min. and Mfg. Co.*, 376 U.S. 240, 243-44 (1964), the Supreme Court set forth a list of factors the Court must consider when ruling on a Rule 21 motion to transfer a criminal proceeding: (1) the location of the defendant, (2) the location of possible witnesses, (3) the location of events likely to be in issue, (4) the location of documents and records likely to be involved, (5) any disruption of the defendant's business unless the case is transferred, (6) expense to the parties, (7) the location of counsel, (8) the relative accessibility of place of trial, (9) docket condition of each district or division involved, and (10) any other special elements which might affect the transfer. *Id*.

　　　　The first factor requires consideration of Defendant's location or domicile. Mr.

1  Somers has resided in Washington most of his life. This factor weighs in favor of
2  transfer.

3  Defendant also argues that factors six and nine support transfer. Factor six
4  requires the Court to consider the cost to the parties. Because trial in Arizona will be
5  somewhat more costly for an out-of-state defendant, this factor slightly supports transfer.
6  Factor nine compares the relative condition of the courts' dockets. Defendant notes that
7  the weighted criminal case filings are substantially higher in the District of Arizona than
8  they are in Eastern District of Washington, another factor supporting transfer.

9  Factors four (the location of documents), seven (the location of counsel), and ten
10 (additional factors), all militate against transfer. All documents and records likely to be
11 involved are located in Arizona. Counsel for Defendant has already been appointed in
12 Arizona and transfer would require appointment of new counsel, which would further
13 delay the case and add additional cost. As an additional factor, the Government is
14 prosecuting a related case that is currently pending in Arizona.

15 The additional factors – location of witnesses, location of events in issue,
16 disruption of Defendant's business, and accessibility of the place of trial – are neutral in
17 this case. Each party claims that potential witnesses may be located in their venue of
18 choice and the events that are alleged to lead to criminal liability appear to have occurred
19 in both Washington and Arizona. Defendant has made no showing that he has a business
20 that will be disrupted by a trial in Arizona, and both locations are equally accessible.

21 Although the competing factors are almost evenly balanced, the Ninth Circuit has
22 upheld a district court's denial of a motion to transfer where the plaintiff "did not carry
23 the burden of demonstrating his need for transfer." *U.S. v. Testa*, 548 F.2d 847, 857 (9th
24 Cir. 1977). Furthermore, while Rule 21(b) allows for the minimization of inconvenience,
25 "it has been recognized that some degree of inconvenience is inevitable, and that the
26 government's inconvenience must be considered as well." *Id.* Having considered the
27 relevant factors, the Court concludes that the Defendant has not shown more than the
28 inevitable convenience of standing trial outside of his state of domicile. *See U.S. v.*

*Daewoo Indus. Co., Ltd.*, 591 F. Supp. 157 (D. Or. 1984) (holding that criminal defendants do not have a right to be tried in their place of domicile). Defendant has failed to carry his burden of demonstrating his need for transfer.

**IT IS ORDERED** that Defendant's motion to transfer (Doc. 19) is **denied.** Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to run from 3/1/2013.

Dated this 1st day of April, 2013.

David G. Campbell
United States District Judge